## HAM vs. HERRIMAN.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The defendant having caused a *fi. fa.* issued on a judgment against S. Ham, to be levied on two slaves, the plaintiff obtained an injunction on an allegation that they were his property.

The answer denies the allegation, and avers that the sale, if any exist, is a fraudulent one.

There was a verdict for the defendant, and

The mere fact of relationship, between parties to an act, is not sufficient to establish it was fraudulent

West'n District the injunction was dissolved—the plaintiff ap-
*Sept.* 1823.

HAM
*vs.*
HERRIMAN.

the injunction was dissolved—the plaintiff appealed.

The plaintiff at the trial produced an authentic bill of sale for the slaves, executed by the defendant, on the fi. fa. before the judge.

Cleveland, a witness for the defendant, deposed, that S. Ham, the defendant on the fi. fa. dwells on a tract of land, the property of Moore of Opelousas; that the plaintiff is her son and dwells with her; that there are no slaves on the land, but those mentioned in the bill of sale.

Stafford deposed, the plaintiff has dwelt with his mother, ever since he knew him—*i. e.* about ten years.

Bonit deposed, he has been a neighbor of the plaintiff, for seven years, and has had a good opportunity of knowing his situation. He was absent during a short time only. The appellant traded in horses. He does not know of any other pecuniary transaction. He knows the slaves mentioned in the bill of sale.

The judgment against S. Ham, on which the fi. fa. issued, was produced.

We are of opinion the district court erred. There is no evidence of fraud, except the very slight presumption, which may be said to

result from the near relationship existing between the parties. There is no evidence of a want of other property, to satisfy the execution.

The case is hardly distinguishable from that of *St. Avid & al.* vs. *Weimprender's syndics—* 9 *Martin*, 648.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and proceeding to give the decision which, in our opinion, ought to have been given below,

It is ordered, adjudged and decreed, that the injunction be made perpetual, and that the defendant pay the costs in both courts, reserving, however, to the defendant, his right of establishing the fraud in an action to set aside the sale.

*Baldwin* for the plaintiff, *Johnston* for the defendant.